WILLIAM H. RINEHART, INC., APPELLEE, *v.* ZAJICEK, APPELLANT.

(No. 6492—Decided April 11, 1961.)

*Mr. John L. Davies, Jr.*, for appellant.

*Messrs. Herbert, Tuttle, Applegate & Britt* and *Mr. C. Richard O'Neil*, for appellee.

BRYANT, J. This is an appeal on questions of law from the judgment and final order of the Columbus Municipal Court in the amount of $1,162.75 in favor of William H. Rinehart, Inc., plaintiff, appellee herein, and against Don R. Zajicek, defendant, appellant herein.

As originally filed in the court below, there were three other defendants, Don R. Zajicek, d. b. a. Kool Vent Aluminum Company, George Bollinger, Jr., and Alkome, Inc., of America, but they were dismissed in the court below.

According to the amended petition, plaintiff is an Ohio corporation engaged in the plumbing and heating business, with its principal office located at 4606 North High Street, Columbus, Ohio, and Alkome, Inc., of America, is also an Ohio corporation engaged in constructing aluminum houses with its principal office located at 3930 Indianola Avenue, Columbus, Ohio.

The amended petition alleges that in October 1957, plaintiff entered into a contract with "the defendants" under which plaintiff was to furnish the labor and materials necessary for the plumbing work in a model aluminum house to be constructed by defendants at 291 Pingree, Worthington, Ohio. The amended petition alleges further that the defendants promised to pay to plaintiff the cost of labor and materials furnished, plus ten per cent for overhead and ten per cent for profit; that all obligations on the part of plaintiff have been fulfilled; and that the sum of $1,162.75 is due plaintiff under the contract, for which demand has been made but payment has been refused. Answers filed on behalf of the four defendants admit the corporate existence of William H. Rinehart, Inc., and Alkome, Inc., of America, followed by a general denial of the other allegations of the peti-

tion. Three of the four defendants in the court below (Don R. Zajicek, d. b. a. Kool Vent Aluminum Co., George Bollinger, Jr., and Alkome, Inc., of America), upon motion by defendants, were dismissed, and at the conclusion of the trial the matter was submitted to the court which, as above indicated, rendered judgment for $1,162.75, the full amount claimed in the amended petition in favor of plaintiff and against defendant. Thereafter, a motion for a new trial was made upon five grounds, as follows: (1) Insufficiency of evidence; (2) judgment contrary to law; (3) overruling defendant's motion for judgment at the end of plaintiff's opening statement; (4) overruling defendant's motion for judgment in his favor at the end of plaintiff's case; and (5) other errors of law.

Defendant also asked for separate findings of fact and conclusions of law pursuant to Section 2315.22 of the Revised Code, pursuant to which the court held as follows:

"Findings of Fact

"1. That about the middle of October, 1957 a meeting was held at 3930 Indianola Ave., Columbus, Ohio, and present were George Bollinger, Don R. Zajicek, William H. Rinehart, and Norman LeCrone.

"2. That by the conversation, acts and conduct of George Bollinger and Don R. Zajicek in the presence of William H. Rinehart, president of plaintiff corporation, and Norman LeCrone that George Bollinger and Don R. Zajicek entered into an oral contract with the plaintiff to do plumbing work on the pilot house at 291 Pingree, Worthington, Ohio, for cost of labor and materials plus 10 per cent overhead and 10 per cent for profit.

"3. That George Bollinger was to furnish the plans and drawings and Don R. Zajicek was to furnish the financial backing for the promotion of the aluminum home in question.

"4. That plaintiff corporation completed its part of the plumbing contract and the total price due plaintiff from defendant, Don R. Zajicek, is Eleven Hundred Sixty-two Dollars and seventy-five cents ($1,162.75) which plaintiff has demanded and defendant, Don R. Zajicek, has refused to pay.

"Conclusions of Law

"The main question at issue was whether this plumbing

contract was with Alkome, Inc. of America, an Ohio corporation formed November 5, 1957, or with Don R. Zajicek and/or George Bollinger individually, or as partners. The court finds said contract was not with the corporation which was formed about three weeks after this contract. The court further finds that by agreement of counsel, and after the opening statement by plaintiff, that George Bollinger was dismissed as a party defendant. The court finds that Don R. Zajicek is liable for this obligation because he entered into the contract with plaintiff, and plaintiff performed its part of the contract in full and defendant, Don R. Zajicek, has not paid said bill as per the agreement.

"Judgment granted plaintiff against defendant, Don R. Zajicek, for $1,162.75 plus costs."

In its appeal to this court, defendant makes three assignments of error, as follows:

"Assignment of Error No. 1.

"The trial court erred in overruling defendant Don R. Zajicek's motion to dismiss the action as to Don R. Zajicek at the end of opening statement of counsel for the plaintiff.

"Assignment of Error No. 2.

"The judgment of the trial court is contrary to and cannot be sustained by the findings of fact made by the trial court herein, and is contrary to law.

"Assignment of Error No. 3.

"The judgment of the trial court is not sustained by the evidence and is contrary to the manifest weight of the evidence."

With reference to the first assignment of error, we note that the first eight pages of the bill of exceptions are devoted to stipulations with respect to certain transfers of real estate and the articles of incorporation of Alkome, Inc., of America, one of the defendants, after which counsel for plaintiff in substance states that William Rinehart is president of the plaintiff, William H. Rinehart, Inc.; that in such capacity Rinehart on or about October 15, 1957, met with Don R. Zajicek and George Bollinger, Jr., at the office of Zajicek, when they discussed the construction of an aluminum house in Worthington, Ohio; that Rinehart, as president of plaintiff, entered into an agreement to install all the plumbing fixtures and plumbing in the aluminum house in Worthington; that the work was done under an

agreement with Zajicek that plaintiff would be paid at the time of completion of the house, or at a later date; and that this agreement was between Rinehart and Zajicek. Then followed statements concerning completion of the work; the charge made therefor; the claim that Zajicek, after completeion of the work, attempted to get plaintiff to make the bill out to Alkome, Inc., of America; that Alkome went into receivership; references to transfers in the title to the real estate on which the house was constructed; and the division of stock in Alkome, Inc., of America and further details not necessary to be repeated here.

In deciding a motion to dismiss made at the conclusion of opening statements of counsel for plaintiff, both the court below and this court must assume the truth of all the statements so made and that the evidence will support and prove each of them.

Defendant contends that the petition alleged a joint contract by alleging a contract with "the defendants." He then argues that the opening statement and the actual dismissal of the other defendants created a variance by limiting the contract to one defendant. We do not believe that the petition so states. The allegation is ambiguous on this point and may have been subject to a motion to make definite. Accordingly, we find no variance and the motion was properly overruled.

In our opinion, the first assignment of error is not well taken and must be overruled.

With reference to the third assignment of error, we feel that it, too, must be overruled for the reason that the record contains sufficient evidence which, if believed, will support and justify the judgment by the court and the separate findings of fact and conclusions of law. It is, of course, true that we are not in as favorable a position as the trial court to evaluate this testimony and do not have the advantages which the trial court had of seeing and hearing the witnesses as they testified subject to these limitations, which every reviewing court faces.

In his second assignment of error, defendant contends that the findings disclose a joint contract; that in a joint contract all obligors are necessary parties; and that, the other parties having been dismissed, judgment against the defendant could not be entered. We believe that, construed as a whole, the findings of fact show at least a joint and several contract on which a several judgment can be granted.

We are of the opinion that the trial court rendered the proper decision and that the evidence and the proper inferences arising from the evidence were sufficient to sustain the judgment and conclusions of the court below.

For the reasons above set forth, in our opinion, the assignments of errors are not well taken and must be overruled, the judgment of the court below affirmed and the cause remanded.

*Judgment affirmed.*

DUFFEY, P. J., and DUFFY, J., concur.